UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

FREDRICK GREER (#525214)

VERSUS                                                  CIVIL ACTION

BURL CAIN, ET AL                                        NUMBER 13-29-SDD-SCR

### NOTICE

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, November 5, 2013.

                                      STEPHEN C. RIEDLINGER
                                      UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


FREDRICK GREER (#525214)

VERSUS                                              CIVIL ACTION

BURL CAIN, ET AL                                    NUMBER 13-29-SDD-SCR


**MAGISTRATE JUDGE'S REPORT**

Before the court is the defendants' Motion to Dismiss.  Record document number 24.  The motion is opposed.[1]

Pro se plaintiff, an inmate confined at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Warden Burl Cain and Cassandra Temple. Plaintiff alleged that $1,900.00 was confiscated from his inmate account without due process in violation of his constitutional rights.

On July 23, 2013, a hearing was held in this matter pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985) to determine whether the case should be dismissed as frivolous.  At the hearing, the plaintiff explained that he was issued two disciplinary reports, one for violating Rule 30-D, General Prohibited Behavior, and another for violating Rule 30-H, General Prohibited Behavior. Plaintiff stated that the Rule 30-D disciplinary report accused him

---

[1] Record document number 31.

of engaging in a nonprofessional relationship with a security officer and the Rule 30-H disciplinary report accused him of influencing or coercing the security officer into depositing a total of $1,900.00 in money orders into his inmate account.

According to the First Step Response to Administrative Remedy Procedure ("ARP") LSP-2011-3526, referenced by the plaintiff in his complaint and relied upon by him during the *Spears* hearing, a corrections officer was engaged in a personal relationship with the plaintiff and used the name of one of the plaintiff's visitors to deposit a total of $1,900.00 into his inmate account.

Plaintiff stated that while Investigative Services conducted an investigation into the allegations surrounding the Rule 30-H violation, a hold was placed on his inmate account. Plaintiff stated that a hearing was conducted on both the Rule 30-D and the Rule 30-H disciplinary reports. Plaintiff stated that he was found guilty of the Rule 30-D violation but the Rule 30-H coercion charge was dismissed.

Plaintiff stated that a separate confiscation hearing was conducted by Lt. Col. Temple regarding the funds he allegedly received from the corrections officer. Plaintiff stated that he was advised that a hold would remain on his inmate account until a total of $1,900.00 was seized from his account. Apparently $1,900.00 is an amount equivalent to the amount which was found to have been improperly deposited into the plaintiff's inmate account

2

by the corrections officer with whom he was found guilty of engaging in an nonprofessional relationship.

Plaintiff argued that money was confiscated from his account without due process in violation of his constitutional rights.

## II. Applicable Law and Analysis

### A. Motion to Dismiss Standard

Defendants moved to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), Fed.R.Civ.P.

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007). The Supreme Court recently expounded upon the *Twombly* standard, explaining that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. It follows

3

that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'show[n]' — 'that the pleader is entitled to relief.'" *Id*. at 1950 (quoting Fed.R.Civ.P. 8(a)(2)).

"A document filed *pro se* is to be liberally construed ... and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94, 127 S.Ct. at 2200 (citations omitted). But even a pro se complainant must plead "factual matter" that permits the court to infer "more than the mere possibility of misconduct." *Iqbal*, 129 S.Ct. at 1950. The court need not accept "a legal conclusion couched as a factual allegation," or "naked assertions [of unlawful misconduct] devoid of further factual enhancement." *Id.* at 1949-50 (internal quotation marks omitted).

**B. Denial of Property without Due Process**

Plaintiff alleged that he was denied procedural due process when money was confiscated from his inmate account following a disciplinary board hearing which found him **not** guilty of the Rule 30-H violation. Plaintiff explained that while an investigation was being conducted, a "hold" was placed on his inmate account. After the investigation a confiscation hearing was held, and then the money was removed from his inmate account.

Prisoners claims alleging deprivations of property interest

4

without due process of law are plainly cognizable under § 1983. *Birl v. Thaler*, 470 Fed.Appx. 362 (5th Cir. 2012).

In determining whether state action has violated an individual's right to procedural due process, a court must address two questions.  First, it must decide whether the state action has deprived the individual of a protected interest - life, liberty, or property.  Finding such a deprivation, the court must then determine whether the state procedures available for challenging the deprivation satisfy the requirements of due process. *Augustine v. Doe*, 740 F.2d 322 (5th Cir. 1984).

Plaintiff is understandably dissatisfied with the outcome of the confiscation hearing.  But the due process clause does not require a correct outcome; rather, it requires reasonable notice and an opportunity to contest the deprivation, preferably before it is effective.  Plaintiff had both.  Plaintiff's claim that Lt. Col. Temple deprived him of his property without due process, i.e. without reasonable notice and an opportunity to contest the deprivation before it was effective, is not supported by the allegations in his complaint, as expanded by the information provided at the *Spears* hearing.

### C. Respondeat Superior

Plaintiff named Warden Cain as a defendant but failed to allege any facts against him which rise to the level of a constitutional violation.

5

To be liable under § 1983, a person must either be personally involved in the acts causing the alleged deprivation of constitutional rights, or there must be a causal connection between the act of that person and the constitutional violation sought to be redressed. *Lozano v. Smith*, 718 F.2d 756 (5th Cir. 1983). Plaintiff's allegation that Warden Cain is responsible for the actions of his subordinates is insufficient to state a claim under § 1983. *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018 (1978).

## RECOMMENDATION

It is the recommendation of the magistrate judge that the defendant's Motion to Dismiss be granted and this action be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii), and without leave to amend because there is no conceivable, non-frivolous federal claim he could assert against the defendants consistent with the facts alleged in his complaint as expanded by the information provided at the *Spears* hearing.

Baton Rouge, Louisiana, November 5, 2013.

*/s/ Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE